UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.

EDNA FOX,

    Plaintiff,

vs.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff EDNA FOX, an Alabama citizen and resident, sues Defendant CARNIVAL CORPORATION, a Panamanian Corporation with its principal place of business in Florida doing business as CARNIVAL CRUISE LINES, and alleges

## JURISDICTION, VENUE AND PARTIES

1. This is an action for damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

2. Plaintiff EDNA FOX is sui juris and is a resident and citizen of the State of Alabama

3. Defendant CARNIVAL CORPORATION, a Panamanian Corporation doing business as CARNIVAL CRUISE LINES (CARNIVAL) with its principal place of business in Miami, Miami-Dade County, Florida. Carnival is therefore a citizen both of Panama and of Florida for purposes of this action.

EDNA FOX V. CARNIVAL CORP.

4.	This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332, based on diversity of citizenship.  The Plaintiff is a citizen and resident of the State of Alabama, while the Defendant is deemed a citizen of Florida and of Panama for federal jurisdictional purposes, so there is complete diversity of citizenship between the parties.  The amount in controversy exceeds $75,000.00, the minimum jurisdictional amount for diversity cases. The damages and injuries alleged in Paragraph 15 below support an award of damages in excess of $75,000.00.

5.	At all material times, Defendant Carnival has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that in personam jurisdiction over the Defendant exists in the United States District Court for the Southern District of Florida.

6.	At all material times, Carnival has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

7.	In the operative ticket contract, Carnival requires fare paying passengers such as the Plaintiff to bring any lawsuit against it arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

8.	Venue is also proper in this district because Carnival's principal place of business is located within this district.

9.	Plaintiff has complied with all conditions precedent to bringing this action, including providing the Defendant a timely written notice of claim on February 9, 2022, as required by the ticket contract.

**LIABILITY AND DAMAGE ALLEGATIONS COMMON TO ALL COUNTS**

10. At all material times, Defendant Carnival was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the "VISTA."

11. At all material times, Defendant Carnival operated, managed, maintained and was in exclusive control of the VISTA.

12. At all material times, including the injury date of July 13TH 2021, the Plaintiff was a fare paying passenger aboard the "VISTA" and in that capacity was lawfully present aboard the vessel.

13. On July 13th, 2021, while the Plaintiff was onboard the "VISTA" as a fare paying passenger, she was proceeding through glass doors near the pool area on the lido deck to access an elevator to go back to her room.  When she proceeded through the glass doors, the doors did not stop after a single open and close or fractional close, but instead continued slide shut so that the Plaintiff was caught in the doors and injured.

14. At all material times, the Defendant had actual and/or constructive notice of the dangerous condition of the automatic doors described above through maintenance records, prior similar incidents, the length of time the condition had been present, or otherwise.

15. As a direct and proximate result of being caught in the automatic door as described in Paragraph 13, the Plaintiff was injured in and about her body and extremities, sustaining injuries including a fractured humerus, and suffered pain, mental anguish, disfigurement, disability, aggravation or activation of preexisting injuries, and the inability to lead a normal life. Furthermore, she incurred medical, hospital, and other out of pocket and health care expenses in

the past and future as a result of her injuries. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

## COUNT I - NEGLIGENT MAINTENANCE

16. The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 15 above and further alleges the following matters.

17. At all material times Defendant Carnival owed the Plaintiff, as a fare paying passenger lawfully on board its vessel, a duty of reasonable care for her safety.

18. At all material times Defendant Carnival was vicariously liable for any negligence or failure to exercise reasonable care by its crewmembers onboard the "VISTA" while those crewmembers were acting or failing to act in furtherance of the business of the vessel.

19. At all material times there existed a dangerous condition on through glass doors near the pool area on the lido deck to access an elevator to go back to her room., to-wit: an improperly adjusted or calibrated and malfunctioning set of automatic doors as described in Paragraph 13 above.

20. At all material times the Defendant had actual or constructive notice of the hazardous conditions referenced in Paragraph 12 above, for the reasons set forth in Paragraphs 13 and 14 above.

21. At all material times, Carnival through crewmembers responsible for the maintenance and operation of the sliding glass doors near the pool area on the lido deck to access an elevator to go back to her room. Referenced in the preceding paragraph and Paragraph 13 above had actual or constructive notice of the dangerous condition of the doors for the reasons alleged in Paragraph 14 above.

4

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

22. Notwithstanding the actual or constructive knowledge of Carnival and its crewmembers alleged above, Carnival crewmembers on board the "VISTA" responsible for maintenance of the glass doors near the pool area on the lido deck to access an elevator to go back to her room failed to detect or correct the dangerous condition of the doors before the Plaintiff was caught in the doors and injured as alleged in Paragraph 13 above.

23. The specific acts of negligence of Carnival crewmembers responsible for maintenance of the automatic doors included failure to conduct sufficient routine inspections of the doors to detect and correct hazards; failure to maintain the doors in a reasonably safe condition; and failure to calibrate the doors properly. Since these acts and omissions are acts and omissions of Carnival crewmembers acting in furtherance of the vessel's business, maintenance of the vessel, Carnival is vicariously liable for these negligent acts and omissions by its crewmembers.

24. As a direct and proximate result of the negligence of Carnival crewmembers described above, for which Carnival is vicariously liable as alleged above, the Plaintiff has sustained and will continue in the future to sustain the damages alleged in Paragraph 15.

**WHEREFORE,** the Plaintiff demands judgment against Carnival for compensatory damages and the costs of this action **and** further demands trial by jury of all issues so triable as of right.

## COUNT II - NEGLIGENT FAILURE TO WARN OF HAZARD

25. The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 15 above and further alleges the following matters.

26. At all material times Defendant Carnival owed the Plaintiff, as a fare paying passenger lawfully on board its vessel, a duty of reasonable care for her safety, including a duty to

warn passengers including the Plaintiff of latent dangerous conditions such as the malfunctioning automatic doors described in Paragraph 13 above.

27. At all material times Defendant Carnival was vicariously liable for any negligence or failure to exercise reasonable care by its crewmembers onboard the "VISTA" while those crewmembers were acting or failing to act in furtherance of the business of the vessel.

28. At all material times the Defendant had actual or constructive notice of the hazardous conditions referenced in Paragraph 13 above, for the reasons set forth in Paragraphs 13 and 14 above.

29. At all material times there existed a dangerous condition through glass doors near the pool area on the lido deck to access an elevator to go back to her room, to-wit: an improperly adjusted or calibrated and malfunctioning set of automatic doors as described in Paragraph 13 above.

30. At all material times, Carnival through crewmembers responsible for the maintenance and operation of the automatic doors referenced in the preceding paragraph and Paragraph 13 above had actual or constructive notice of the dangerous condition of the doors for the reasons alleged in Paragraph 14 above.

31. Notwithstanding the actual or constructive knowledge of Carnival and its crewmembers alleged above, Carnival failed to warn passengers including the Plaintiff of its dangerous detect or correct the dangerous condition of the doors before the Plaintiff was caught in the doors and injured as alleged in Paragraph 13 above, through appropriate signage or markings, orally delivered, announced, or written warnings, or otherwise, and was thereby negligent.

32. As a direct and proximate result of one or more of Defendant's negligent acts as alleged above, the Plaintiff was injured about her body and extremities, suffered physical pain and

6

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

suffering as well as mental and emotional anguish from his injuries, suffered loss of enjoyment of life, physical disability, impairment, and inconvenience in the normal pursuits and pleasures of life, incurred medical bills and other expenses in the care and treatment of his injuries, including surgical repair, incurred relocation costs, and incurred rehabilitative and assisted living facility expenses. These injuries and damages are permanent or continuing in nature and Plaintiff will continue to sustain these injuries and damages in the future.

**WHEREFORE,** the Plaintiff demands judgment against Carnival for compensatory damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed this 29th day of July 2022.

*s/Nicholas I. Gerson*
Philip M. Gerson, Esq.
Florida Bar No.: 127290
pgerson@gslawusa.com
Nicholas I. Gerson, Esq.
Florida Bar No. 20899
ngerson@gslawusa.com
Edward S. Schwartz, Esq.
Florida Bar No. 346721
eschwartz@gslawusa.com
David L. Markel, Esq.
Florida Bar No. 78306
dmarkel@gslawusa.com
Gerson & Schwartz, P.A.
1980 Coral Way
Miami, Florida 33145
Telephone:   (305) 371-6000
Facsimile:   (305) 371-5749
***Attorneys for Plaintiff***